UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, THE LOCAL 7 TILE
INDUSTRY ANNUITY FUND, and THE TILE
LAYERS LOCAL UNION 52 PENSION FUND,
TRUSTEES OF THE BRICKLAYERS & TROWEL
TRADES INTERNATIONAL PENSION FUND,
and TRUSTEES OF THE INTERNATIONAL                    REPORT AND
MASONRY INSTITUTE,                                   RECOMMENDATION
                                                     15 CV 6124 (SJ)(RML)
       Plaintiffs,

  -against-

SESSO TILE & STONE CONTRACTORS, INC.
and S&S TILE & STONE, INC.,

       Defendants.
------------------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated April 29, 2016, the Honorable Sterling Johnson, Jr., Senior United States District Judge, referred defendants' motion to dismiss to me for a report and recommendation. The court agreed to defer consideration of the motion while the parties exchanged documents and discussed settlement, but at a conference before me on July 26, 2016, the parties reported that settlement negotiations were at an impasse. For the reasons stated below, I respectfully recommend that defendants' motion be denied.

## BACKGROUND

       On October 26, 2015, plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, and the Tile Layers Local Union 52 Pension Fund, the Trustees of the Bricklayers & Trowel Trades International Pension Fund, and the Trustees of

the International Masonry Institute (collectively, "plaintiffs" or the "Funds") commenced this action against defendants Sesso Tile & Stone Contractors, Inc. ("Sesso Tile") and S&S Tile & Stone, Inc. ("S&S Tile") (collectively, "defendants"). (See Complaint, dated Oct. 22, 2015 ("Compl.").) Plaintiffs allege violations of section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. They contend that defendants failed to make contributions to the Funds as required by a collective bargaining agreement (the "CBA"). (See id. ¶¶ 1, 9.)

According to the Complaint, the CBA required Sesso Tile, a tile and stone installation company, to make specific contributions to the Funds for the benefit of covered employees and retirees. (See id. ¶¶ 9-11, 27.) Pursuant to the CBA, Sesso Tile was audited. (See id. ¶ 17.) The audit allegedly revealed that, from January 2011 through June 2012, Sesso Tile had failed to make contributions in the principal amount of $320,687.47. (See id.)

Plaintiffs seek to hold Sesso Tile and S&S Tile, another tile and stone installation company, jointly and severally liable for unpaid contributions under the alter ego, single employer, and successor doctrines. (See id. ¶¶ 45, 48.) Defendants now move, pursuant to FED. R. CIV. P. 12(b)(6), to dismiss plaintiffs' complaint against S&S Tile for failure to state a claim. (See Notice of Motion, dated Jan. 25, 2016.) Defendants contend that plaintiffs' allegations with respect to S&S Tile are vague and conclusory, and as a result, fail to adequately state a claim for relief. (See Defendants' Memorandum of Law in Support of Motion to Dismiss, dated Jan. 25,

2016 ("Defs.' Mem."), at 2.)[1]

## DISCUSSION

The alter ego doctrine imposes liability in the ERISA context when an employer conducts transactions, commonly known as "sham transactions," through a separate business in order to evade labor law obligations. See Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 287-88 (2d Cir. 2010). The single employer doctrine is similar to the alter ego doctrine, but focuses on the scope of liability when two companies function as a "single integrated enterprise" and less on the purposeful conduct of an employer's evasion of labor laws. See Ferrara v. Smithtown Trucking Co., 29 F. Supp. 3d 274, 283 (E.D.N.Y. 2014). Finally, the successor doctrine identifies the circumstances under which a corporation that purchases the assets of another corporation assumes the seller's liability. See Battino v. Cornelia Fifth Ave., LLC, 861 F. Supp. 2d 392, 401 (S.D.N.Y. 2012). While defendants cite purported deficiencies in plaintiffs' pleading with regard to all three doctrines, I find that plaintiffs assert an adequate claim for relief under the alter ego doctrine and, consequently, it is unnecessary to address the single employer and successor doctrines.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] Defendants initially also moved to dismiss under FED. R. CIV. P. 12(b)(7) for failure to join an indispensable party, but they withdrew that motion based on representations made in plaintiffs' opposition brief. (See Reply Mem. of Law in Further Support of Defendant S&S Tile & Stone, Inc.'s Motion to Dismiss for Failure to State a Claim, dated Feb. 22, 2016, at 5.)

"In considering a motion to dismiss, the court is required to construe the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff." Trs. of Laborers Union Local No. 1298 of Nassau & Suffolk Ctys. Benefit Funds v. A to E, Inc., 64 F. Supp. 3d 435, 438 (E.D.N.Y. 2014).

"The hallmarks of the alter ego doctrine include whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." Truck Drivers Local Union No. 807 v. Reg'l Import & Export Trucking, 944 F.2d 1037, 1046 (2d Cir. 1991). "If two companies are deemed alter egos of each other, then each is bound by the collective bargaining agreements signed by the other." Lihli Fashions Corp. v. N.L.R.B., 80 F.3d 743, 748 (2d Cir. 1996) (per curiam).

To support their contention that S&S Tile is an alter ego of Sesso Tile, plaintiffs allege the following in their complaint: Ernesto Sesso was the owner and operator of Sesso Tile, and he also exerted operational control over S&S Tile. (See Compl. ¶¶ 21, 23, 25.) Michele Stella, with whom Ernesto Sesso had a long-term romantic relationship, was a nominal owner of S&S Tile. (See id. ¶¶ 22, 24.) Sesso Tile and S&S Tile operated out of the same premises, 33 Wilson Avenue in Woodland Park, New Jersey, which was jointly owned by Ernesto Sesso and Michele Stella. (See id. ¶ 26.) Sesso Tile and S&S Tile performed the same type of work –residential stone and tile installation–and used the same equipment, vehicles, and facilities. (See id. ¶¶ 27, 29.) Sesso Tile and S&S Tile shared employees and performed work on each other's projects without meaningful distinction in their operations. (See id. ¶¶ 28, 29.) Sesso Tile and S&S Tile failed to keep records or follow ordinary corporate formalities and also failed

to keep an arm's length relationship between each other. (See id. ¶ 31.) S&S Tile, a non-union entity, was formed primarily for the purpose of circumventing the CBA, which Ernesto Sesso did by having S&S Tile perform work covered by the CBA. (See id. ¶¶ 30, 32.)

Numerous courts have found similar allegations sufficient to state a claim under the alter ego doctrine in the ERISA context. See, e.g., Trs. of Mosaic & Terrazzo Welfare Pension, Annuity & Vacation Funds v. Cont'l Floors, Inc., No. 13 CV 1739, 2013 WL 5637492, at *6 (E.D.N.Y. Oct. 15, 2013) (finding that allegations that two companies had substantially identical management, business purpose, operations, equipment, customers, supervision, and/or ownership, "although lean," were "sufficient to state a plausible claim" under the alter ego doctrine); see also Trs. of Laborers Union Local No. 1298 of Nassau & Suffolk Ctys. Benefit Funds, 64 F. Supp. 3d at 441 (holding that relevant allegations as related to alter ego liability, although "somewhat sparse," were sufficient to give defendant "'fair notice of what the claim is and the grounds upon which it rests'") (quoting Twombly, 550 U.S. at 555); Trs. of the Local 7 Tile Indus. Welfare Fund v. Amarko Marble & Granite Co., No. 13 CV 2779, 2014 WL 1622098, at *6 (E.D.N.Y. Apr. 22, 2014) (granting default judgment where plaintiffs, who alleged alter ego status between two companies, had drafted a well-pleaded complaint, which stated that the two companies shared an address, as well as identical management, ownership, equipment, customers, business purpose, and supervision; the two companies also shared employees, failed to deal with each other at arm's length, and intermingled their financial books and records); Trs. of the Hollow Metal Tr. Fund v. FHA Firedoor Corp., No 12 CV 7069, 2013 WL 1809673, at *4 (S.D.N.Y. Apr. 30, 2013) (denying motion to dismiss where plaintiffs "summarily pleaded each" of the factors of the alter ego test); Detroit Carpenters Fringe Benefit

Funds v. Andrus Acoustical, Inc., No. 11 CV 14656, 2012 WL 601425 (E.D. Mich. Feb. 23, 2012) (finding that plaintiffs sufficiently pleaded an alter ego claim where they alleged that the entities "share[d] management, equipment, facilities, employees, customers, and [we]re both engaged in the [same] business" and that the owners of each exercised control over the other); Flynn v. R.D. Masonry, Inc., 736 F. Supp. 2d 54 (D.D.C. 2010) (holding that plaintiffs stated a plausible alter ego claim where they alleged that the defendants had "common ownership or management, and/or the same or similar employees, customers, and type of work" and that the defendants had the same address).

In the instant case, plaintiffs allege that Sesso Tile and S&S Tile share an address, which plaintiffs identify. (See Compl. ¶ 26.) In addition to stating that Sesso Tile and S&S Tile have common management, plaintiffs specifically name Ernesto Sesso as the common manager of both enterprises. (See id. ¶¶ 21, 23.) As in Local 7 Tile Industry Welfare Fund, 2014 WL 1622098, plaintiffs allege the absence of an arm's length relationship and deficiencies in record keeping. (See id. ¶ 31.) Finally, plaintiffs allege that "Sesso Tile and S&S Tile. . . had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." (See id. ¶19.) These factual allegations, taken as true, state a claim that is plausible on its face. I therefore find that the complaint adequately states a claim for relief against S&S Tile under the alter ego doctrine, and I respectfully recommend that defendants' motion to dismiss be denied.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that defendants' motion to dismiss be denied. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Johnson and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1)(C) (2009); FED. R. CIV. P. 72, 6(a).

Respectfully submitted,

/s/

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
    August 17, 2016